UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

DAMIEN ROBINS,

               Petitioner,

v.

WILLIAM GITTERE, *et al.*,

               Respondents.

Case No. 3:19-cv-00506-MMD-CBC

ORDER

## I.    SUMMARY

Petitioner has filed an application to proceed *in forma pauperis* (ECF No. 1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both contain multiple defects that Petitioner must correct before this action can proceed. Petitioner also must show cause why the Court should not dismiss this action as untimely.

## II.    BACKGROUND

The Court takes judicial notice of the combined docket of the Nevada Supreme Court and the Nevada Court of Appeals, *Robins v. State*, No. 71540 and 71540-COA.[1] The Court also takes judicial notice of the docket of the Eighth Judicial District Court of the State of Nevada, *State v. Robins*, No. C-15-303660-1.[2] After a jury trial, Petitioner was convicted of three counts of assault with a deadly weapon, one count of battery with the

///

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=51086&combined=true (report generated August 19, 2019).

[2] https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (report generated August 19, 2019). The case number must be entered exactly in the search line.

use of a deadly weapon, four counts of battery with the use of a deadly weapon resulting in substantial bodily harm, and one count of breaking, injuring, or tampering with a motor vehicle. The state district court entered its judgment of conviction on September 16, 2016. Petitioner appealed. The Nevada Court of Appeals affirmed on February 27, 2018.

Petitioner does not appear to have filed a post-conviction habeas corpus petition in the state district court.

Petitioner does not state on the petition form when he delivered the petition to a prison officer for mailing. He has dated the petition August 11, 2019. The postmark on the envelope is August 12, 2019.

## III. LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states, in relevant part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *see also* Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application

for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. *Jefferson v. Budge*, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418).

Actual innocence can excuse operation of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

The Court can raise the issue of timeliness *sua sponte*. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

///

///

///

3

## IV. DISCUSSION

### A. The Application To Proceed *in Forma Pauperis* Is Incomplete

Petitioner did not include with his application to proceed *in forma pauperis* (ECF No. 1) a financial certificate and a copy of his inmate account statement, as required by 28 U.S.C. § 1915(a)(2) and LSR 1-2. Petitioner must file a new, complete application for this action to proceed.

### B. The Petition Contains No Grounds for Relief

Petitioner left all the grounds in the petition form blank. He must allege his grounds for relief in an amended petition.

### C. The Petition Appears To Be Untimely

The Nevada Court of Appeals affirmed the judgment of conviction on February 27, 2018. Under 28 U.S.C. § 2244(d)(1)(A), the judgment of conviction became final on May 29, 2018.[3] The one-year period of limitation began the next day, May 30, 2018. Petitioner did not file a post-conviction habeas corpus petition, or any other motion for collateral review, in the state courts before he sent his federal habeas corpus petition to this court. No time was tolled under 28 U.S.C. § 2244(d)(2). The one-year period of § 2244(d)(1) thus expired at the end of May 29, 2019. Based upon the date Petitioner signed the petition and the postmark of the envelope, the Court assumes that Petitioner delivered the petition to a prison official for mailing to the court on August 11, 2019. Nonetheless, Petitioner sent the petition to the Court after the one-year period expired. Petitioner must show cause why the Court should not dismiss this action as untimely.

### D. The Court Denies Petitioner's Motion for Appointment of Counsel

Petitioner submitted a motion for appointment of counsel with his application to proceed *in forma pauperis* and his petition. Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must

///

---

[3] The 90-day period to petition the Supreme Court of the United States for a writ of certiorari would have been May 28, 2018, but that was the Memorial Day holiday.

4

evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. As the court has noted in Section IV(B), Petitioner did not allege any grounds for relief, and he needs to correct that problem. Currently, he has no likelihood of success on the merits. The Court denies the motion for appointment of counsel.

### E. Petitioner's Name Is Misspelled in the Docket

Petitioner's name is Damien Robins, but his first name is spelled "Damian" in the docket. The Court will correct the error.

### V. CONCLUSION

It therefore is ordered that the application to proceed in forma pauperis (ECF No. 1) is denied without prejudice.

It is further ordered that Petitioner must file another application for leave to proceed *in forma pauperis*, accompanied by a signed financial certificate and a statement of his inmate account. The Clerk of the Court is instructed to send Petitioner a blank application form for incarcerated litigants. In the alternative, Petitioner must make the necessary arrangements to pay the filing fee of $5, accompanied by a copy of this order. Petitioner will have 30 days from the date that this order is entered to comply. Failure to comply will result in the dismissal of this action.

It is further ordered that the Clerk of the Court file the petition for a writ of habeas corpus and the motion for appointment of counsel.

It is further ordered that the Clerk of the Court send Petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner will have 30 days from the date that this order is entered in which to file an amended petition that alleges grounds for relief. Neither the foregoing deadline nor any extension thereof

signifies or will signify any implied finding of a basis for tolling during the time period established. Petitioner always remains responsible for calculating the running of the federal limitation period under 28 U.S.C. § 2244(d)(1) and timely asserting claims. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that Petitioner clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and Petitioner must place the case number, 3:19-cv-00506-MMD-CBC, above the word "AMENDED."

It is further ordered that Petitioner will have 30 days from the date of entry of this order to show cause why the Court should not dismiss this action as untimely. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that the motion for appointment of counsel is denied.

It is further ordered that the Clerk of the Court change Petitioner's first name from "Damian" to "Damien" on the docket.

It is further ordered that the Clerk add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk electronically serve upon Respondents a copy of the petition and this order. Respondents' counsel must enter a notice of appearance herein within 21 days of entry of this order, but no further response will be required from Respondents until further order of the court.

DATED THIS 20th day of August 2019.

                                    MIRANDA M. DU
                                    UNITED STATES DISTRICT JUDGE