# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DAMIEN ROBINS,

    Petitioner,

v.

WILLIAM GITTERE, *et al.*,

    Respondents.

Case No. 3:19-cv-00506-MMD-CLB

ORDER

**I. SUMMARY**

The Court directed Petitioner to show cause why the Court should not dismiss this action as untimely. (ECF No. 3.) Petitioner has filed a showing of cause (ECF No. 8), but the Court is not persuaded. The Court will dismiss the action as untimely.

The Court also directed Petitioner to file an amended petition to raise claims for relief. (ECF No. 3.) Petitioner has not filed an amended petition within the allotted time. As an alternative basis for dismissal, the Court would dismiss this action for failure to file an amended petition.

Petitioner has filed an application to proceed *in forma pauperis*. (ECF No. 10.) Petitioner has enough money to pay the filing fee. However, the Court will not require payment of the fee because the Court is dismissing the action.

**II. BACKGROUND**

The Nevada Court of Appeals decided Petitioner's direct appeal on February 27, 2018. (ECF No. 3 at 2). Under 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final at the expiration of time to petition the Supreme Court of the United States for a writ of certiorari, on May 29, 2018, taking into account the Memorial Day holiday. No time was tolled under 28 U.S.C. § 2244(d)(2) because Petitioner filed no post-conviction habeas corpus petition in the state courts. The one-year period of

§ 2244(d)(1) expired at the end of May 29, 2018. Petitioner mailed his initial Petition under 28 U.S.C. § 2254 to the Court no earlier than August 11, 2019. This occurred after the one-year period expired, therefore the Petition is untimely.

### III. DISCUSSION

#### A. Petitioner's Calculations of Time are Incorrect

Petitioner disputes the Court's time calculations. He states that the Nevada Supreme Court issued the remittitur at the end of his direct appeal on May 29, 2018. He then argues that he had 90 days from that date to petition the Supreme Court of the United States for a writ of certiorari. Under Petitioner's calculations, his judgment of conviction became final on August 27, 2018. Consequently, Petitioner argues, his Petition was timely because it was dated August 11, 2019, and postmarked August 12, 2019, before the expiration of the one-year period.

Petitioner's argument is factually incorrect. The Nevada Supreme Court did not issue the remittitur on May 29, 2018. The Nevada Supreme court issued the remittitur on March 26, 2018. *See Robins v. State*, Nos. 71540 and 71540-COA, http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=40762&combined=true (last visited December 4, 2019). Even if the 90-day period for filing a petition for a writ of certiorari ran from issuance of the remittitur, that period would have expired at the end of June 25, 2018, taking a Sunday into account. The one-year period of 28 U.S.C. § 2244(d)(1) would have expired at the end of June 25, 2019. The federal habeas corpus Petition still would be untimely.

Petitioner's argument is also legally incorrect. Supreme Court Rule 13(3) states, in relevant part, "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." The Nevada Supreme Court's remittitur, which is the equivalent to a mandate, thus does not affect the date that Petitioner's judgment of conviction became final. The 90-day period to petition for a writ of certiorari ran from the decision of the Nevada Court of Appeals on February 27, 2018. Petitioner

has not shown that the Court's calculations are incorrect. The Petition is untimely, and the Court dismisses the action.

**B.     Even If Petitioner is Correct, Any Amended Petition Would Not Relate Back and Would Be Untimely**

The initial Petition contained no claims for relief and no allegations of fact. Petitioner left those parts of the Petition form blank. (ECF No. 4 at 3-8). The Court thus directed Petitioner to file an amended petition. (ECF No. 3 at 4). Petitioner has not yet filed an amended petition. Even if Petitioner's calculations were correct, any amended petition that he could file now would be filed after the expiration of the one-year period. The claims in the amended petition would need to relate back to the initial petition to be timely. Relation back is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Petitioner raised no claims and no facts in the initial Petition. Nothing exists for claims in the amended petition to relate back. Any amended petition that Petitioner file would still be untimely.

**C.     Petitioner Has Not Filed an Amended Petition**

As noted above, the Court directed Petitioner to file an amended petition because his initial Petition contained no claims for relief or allegations of fact. Petitioner did not file an amended petition within the allotted time. If the Court was not dismissing the action as untimely, then the Court would dismiss the action for failure to file an amended petition.

**D.     Petitioner Is Able to Pay The Filing Fee**

The application to proceed *in forma pauperis* (ECF No. 10) shows that petitioner has enough money to pay the filing fee. However, the Court will not require Petitioner to pay that fee because the Court is dismissing the action.

**E.     The Court Will Not Issue a Certificate of Appealability**

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

///

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The initial Petition does not state a valid claim of the denial of a constitutional right, because the initial Petition contains no claims. Reasonable jurists would not dispute that this action is untimely or that, in the alternative, Petitioner has failed to file an amended petition. The Court will not issue a certificate of appealability.

## IV.     CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* (ECF No. 10) is denied.

It is further ordered that this action is dismissed with prejudice as untimely. The clerk of the court shall enter judgment accordingly and close this action.

It is further ordered that a certificate of appealability will not issue.

DATED THIS 6th day of December 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

4